W. H. H. FREEMAN v. C. W. TRICKETT *et al.*
No. 254.

PLEADING—*party is not required to give common-law name of
cause of action.* A petition that alleged that the plaintiff was
induced by the fraudulent and untruthful misrepresentations of
the defendants to buy from them and pay for the capital stock of a
corporation, the same being utterly valueless, and that the de-
fendants knew at the time they made the representations of the
untruthfulness thereof, and that the plaintiff, relying upon such
statements, parted with his money and bought stock, states but
one cause of action sounding in tort; and it was error for the
court, upon demurrer being presented by the defendants to the evi-
dence of the plaintiff in support thereof, to require the plaintiff to
state or say by what common-law name he denominated his cause
of action.

Error from Wyandotte Court of Common Pleas.
Hon. T. P. Anderson, Judge. Opinion filed July 16,
1897. *Reversed.*

*W. H. H. Freeman,* for himself.

*C. W. Trickett,* for himself.

MAHAN, P. J. This action was begun by the plain-
tiff in error to recover from the defendants in error
the purchase price of certain shares of stock in the
Wyandotte Loan & Trust Company, which the plain-
tiff alleges he was induced to purchase through the
false and fraudulent representations of the defendant,

84     FREEMAN v. TRICKETT.

N. Dept.     Opinion.   Mahan, P. J.     6 Kan. App.

Trickett, who, the plaintiff alleges, was acting for the other defendants. The petition alleges that the defendant Trickett did not disclose for whom he was acting in respect to the sale of the stock, but declined so to do, and the evidence sustains the allegation.

Whether the plaintiff might under the evidence have recovered damages in addition to the money paid, had the allegations been sufficient, is immaterial. He sought to recover only the money and interest he had lost by reason of the tortuous acts of the defendant Trickett.

The case was being presented to a jury. After the introduction of his evidence the plaintiff rested. The defendants demurred to the evidence for the reason that it was not sufficient to sustain a cause of action against them.

The court sustained the demurrer to the evidence, but before rendering its decision it required the plaintiff to say what his cause of action was called, or to give it a name such as it would have had at common law. The plaintiff objected to so naming his cause of action, but the court insisted. The defendants also insisted that the plaintiff name his cause of action. The plaintiff said, through his counsel, that he called it an action for money had and received. The facts proven might, under the common law, have sustained a declaration for money had and received, but our Code of Civil Procedure has abolished all forms of action, and has declared that there shall be but one form of action, which shall be called a civil action. It provides that the plaintiff shall state the facts constituting his cause of action concisely, without repetition, and it then becomes the duty of the court to say whether or not it states a cause of action, and to what relief the plaintiff is entitled ; but it is unnecessary to

FREEMAN V. TRICKETT. 85

July 16, 1897.      Opinion.   Mahan, P. J.            E. Div.

say whether it would have been called at common law by this, that, or the other name. The court simply has to determine whether the rights of the plaintiff have been violated by the acts of the defendant, and, if so, what the plaintiff's measure of recovery is.

The petition stated a cause of action for damages upon the ground of the fraud of the defendants. There was sufficient evidence introduced by the plaintiff for the jury to determine whether or not the allegations of the plaintiff's petition were true, and, if true, the amount of money he had been induced to part with by reason of the fraud of the defendants. It was, therefore, error for the court to sustain a demurrer, and it was error for the court to require the plaintiff to state or say what in his judgment his cause of action would have been called at common law.

The court and the defendants proceeded with the trial upon the theory that two distinct causes of action were set forth in the petition. This is not correct. Had the plaintiff alleged in one count the facts in one aspect for the purpose of procuring damages as for a tort, and in another count in the same petition, in the aspect of a rescission, and asked judgment for both kinds of relief, there would have been something for the court to have acted upon in requiring an election. There was, however, but one cause of action stated, and but one cause of action admitted to be proven, and the evidence was sufficient *prima facie* to justify a verdict for the plaintiff against the defendants. The case should have been submitted to a jury.

The judgment is reversed, and the case remanded with direction to grant a new trial.