Brawley v. Smith.

---

W. H. BRAWLEY v. FELIX SMITH, MELVINA SMITH, GEO. O. FARR, AND THE EXCHANGE BANK OF STOCKTON, KANSAS.

### No. 146.*

1. PLEADING — *Petition Examined.* The petition in this case examined, and held to state a valid cause of action against all the defendants.

2. PRACTICE, DISTRICT COURT — *Law and Equity.* In this state the distinction between actions at law and suits in equity is by statute expressly abolished, and it is error for a court to compel a plaintiff to elect whether he will proceed in equity or at law.

Error from Rooks district court; CHARLES W. SMITH, judge. Opinion filed October 17, 1898. Reversed.

*S. N. Hawkes*, for plaintiff in error.

*W. B. Ham*, for defendants in error.

The opinion of the court was delivered by

WELLS, J.: This action was originally brought in the district court of Rooks county by the plaintiff in

---

*Petition for order to certify denied by supreme court December 7, 1898.— REP.

error against the defendants in error.    In his petition
he substantially asserts ownership and right of pos-
session of certain notes and mortgages therein de-
scribed, and alleges that he allowed the defendant Farr
to deposit said notes and mortgages with the defend-
ant the Exchange Bank of Stockton to secure the
note of the defendants Felix Smith and Geo. O. Farr
for $959.50, falling due May 15, 1895.   He avers that
he believes the fact to be that, by agreement between
said bank and said Smith and Farr, the bank received
from Smith and Farr certain other mortgage security
and the payment of interest, and in consideration
thereof extended the time for the payment of their
note several times, by reason whereof said bank lost
its right to plaintiff's notes and mortgages.   He there-
fore prays a disclosure of the facts by the defendants,
and if it be found that said note of Smith and Farr
has been extended, that the plaintiff's notes and mort-
gages be returned to him ; but if the court should find
that said note has not been extended, then that the
court render judgment in his favor, for the use of the
bank, against Smith and Farr, for the amount due on
their note to the bank, and foreclose the mortgage last
given by them as security therefor, and that plaintiff
have return of his notes and mortgages, and all other
equitable relief.

To this petition the defendants demurred, on the
grounds that several causes of action were improperly
joined and that the petition did not state facts suffi-
cient to constitute a cause of action.   This demurrer
was sustained on both grounds as to all the defendants
except the bank, and was sustained in favor of the
bank on the first ground and overruled as to the
second.   Thereupon the action was dismissed by the
court as to all the defendants except the bank, and the

plaintiff was required to elect whether he would pro-ceed in equity or at law as in replevin, and, duly ob-jecting to such order, the plaintiff elected to adopt the latter course.   In this there was error.   The petition stated a cause of action, and but one.   If the allega-tions of the petition were true, and by reason of exten-sions the surety had been released, then the plaintiff was entitled to a restitution of his property ; but if the surety had not been released and the other allega-tions of the petition were true, then the plaintiff was entitled to have the matter closed up, the security of the principal debtors exhausted, the balance made from his security, and the remainder turned back to him.   And in this Smith and Farr were necessary parties.

In relation to the order of the court compelling plain-tiff to elect a name for his cause of action, we quote from the language of MAHAN, P. J., in *Freeman v. Trickett*, 6 Kan. App. 84, 49 Pac. 672 :

" Our code of civil procedure has abolished all forms of actions, and has declared that there shall be but one form of action, which shall be called a civil action. It provides that the plaintiff shall state the facts con-stituting his cause of action concisely, without repeti-tion, and it then becomes the duty of the court to say whether or not it states a cause of action, and to what relief the plaintiff is entitled ; but it is unnecessary to say whether it would have been called at common law by this, that or the other name.   The court simply has to determine whether the rights of the plaintiff have been violated by the acts of the defendant, and if so, what the plaintiff's measure of recovery is."

It is not necessary to consider the other allegations of error.   The judgment is reversed, and the case re-manded with direction to grant a new trial and to overrule the demurrer to the petition.   —